UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth L. ROPER Defendant–
Appellant.

No. 01–10153.

D.C. No. CR–F–99–5341–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Jan. 21, 2003.

Before KOZINSKI and KLEINFELD, Circuit Judges, and GEORGE,** District Judge.

MEMORANDUM ***

Kenneth Roper, convicted for his participation in a Ponzi scheme, appeals his fifty-one month sentence. We affirm.

Roper contends that the court erred by including the Eagle Group's investment in determining the amount of fraud loss attributable to him. In fraud cases, loss amounts need not be determined with precision; the district court must only make a reasonable estimate of the loss, given the available information. *United States v. King,* 257 F.3d 1013, 1025 (9th Cir.2001). The preponderance of the record evidence establishes sufficient contacts between Roper and the Eagle Group's $250,000 investment to support the district court's inclusion of the investment in the total loss. Accordingly, the district court did not err in finding that the total fraud loss reasonably foreseeable to Roper was $1,697,000. Further, the district court properly included the entire $250,000 of the Eagle Group's investment in determining the restitution owed by Roper to the victims of his criminal conduct.

Similarly, the district court did not err in determining the total amount of funds involved in the money laundering conspiracy. The district court properly included all amounts reasonably foreseeable to the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Lloyd D. George, Senior District Judge for Nevada, sitting by designation.

defendant, as shown by a preponderance of the evidence. *United States v. Tam,* 240 F.3d 797, 803–04 (9th Cir.2001). Roper concedes he knew that the conspiracy involved at least $125,000, as he received this amount himself. The evidence also established Roper was aware that, in course of the conspiracy, $447,000 had been returned to angry investors. Accordingly, the district court did not err in finding that the scheme involved laundered funds of between $350,000 and $600,000.

Roper's argument that the trial court calculated an offense level of 24 for the monetary transaction counts is contrary to the record. The court determined, and made plain at sentencing, that the offense level for these counts was 22.

Equally without merit is Roper's untimely argument, first raised in his reply, that the court erred in treating the wire fraud counts as one group and the money laundering and monetary transaction counts as a second group, resulting in a two-level multiple group enhancement. Applying the sentencing guidelines in effect at the time of Roper's sentencing, the district court correctly determined that the wire fraud and money laundering counts were to be grouped separately. *See United States v. Taylor,* 984 F.2d 298, 303 (9th Cir.1993), Accordingly, the court properly applied a two-level enhancement pursuant to § 3D1.4 of the Sentencing Guidelines and determined that the combined offense level for Roper's counts of conviction was 24.

Finally, the district court conducted an independent review of the evidence to determine whether Roper committed perjury and thus obstructed justice during his trial. The district court's finding that Roper wilfully provided material false testimony during his trial on four separate instances is not clearly erroneous. Accordingly, the court appropriately applied a two-point enhancement for obstruction of justice pursuant to § 3C1.1.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.